Filed 8/12/26  P. v. Torres CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR TORRES,<br><br>    Defendant and Appellant. | H053821<br>(Santa Clara County<br>Super. Ct. No. C2417498) |

Omar Torres pleaded no contest to committing a forcible lewd act on a child under 14 and other sex offenses, and the trial court sentenced him to 18 years in prison.  On appeal, Torres's counsel has filed a brief which states the case but raises no issues, under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Torres filed a supplemental brief alleging additional claims of error relating to his conviction and sentence, including constitutional claims under the Fourth, Fifth, and Sixth Amendments, and a statutory claim under the Racial Justice Act of 2020 (RJA).  Having independently reviewed the record and considered each of Torres's contentions raised in the supplemental brief, we conclude that there is no arguable issue on appeal.

## I.    BACKGROUND

The Santa Clara County District Attorney charged Torres with sodomy by force or violence (Pen. Code, § 286, subd. (c)(2)),[1] oral copulation by force or violence (§ 288a,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (c)(2)), and lewd or lascivious act by force or violence on a child under 14 (§ 288, subd. (b)(1)).  Each of the charged acts occurred between November 25, 1999 and December 25, 1999 and pertained to the same victim, Torres's cousin John Doe, then 13 years old.

Torres pleaded no contest as charged and completed a written felony plea form. Torres indicated he understood that his maximum prison exposure was 18 years,[2] that there were no promises regarding what his sentence would be, and that the trial court would make that determination at the time of sentencing.  At the sentencing hearing, John Doe and his family members addressed the court:  Doe talked about the repeated and escalating incidents of sexual abuse he suffered from Torres and the lifelong trauma it had caused him.  Each of Doe's family members also told the court about the profound damage Torres's sexual abuse had on Doe, both as a child and throughout his life. Torres's family members and friends spoke on Torres's behalf, and Torres himself addressed the court and indicated that he was "ready to deal with the consequences of [his] horrendous actions," and "ready to serve [his] time."

The trial court sentenced Torres to 18 years in prison, calculated by taking the middle term of six years for each count and applying them consecutively to one another, under the authority of section 667.6, subdivision (d).[3]  The court expressly found that

---

[2] At the time of the plea, the trial court told Torres that his maximum prison exposure was 24 years.  At the sentencing hearing, the trial court, citing *People v. Wiley* (2025) 17 Cal.5th 1069, advised Torres that his maximum prison exposure was 18 years because no circumstance in aggravation had been alleged or admitted that would permit the court to impose an upper term sentence.  Torres indicated that he understood and wished to proceed with sentencing.

[3] Section 667.6, subdivision (d) provides, in relevant part:  "(1) A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes … involve the same victim on separate occasions.  [¶]  (2) In determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to

consecutive sentencing was appropriate because there are "multiple acts of sexual assault on the victim."  The court issued a protective order and a general order of restitution, waived fines and fees, and ordered Torres to register as a sex offender.

Torres timely appealed from the judgment.

## II.    DISCUSSION

In his supplemental brief, Torres alleges that:  (1) he was charged, convicted, and sentenced in violation of the RJA; (2) the search of his electronic devices violated the Fourth Amendment, such that any evidence obtained from the search should have been suppressed; (3) any statements obtained from him violated his Fifth Amendment rights; and (4) his no contest plea is invalid because he received ineffective assistance of counsel.  Torres also claims that the trial judge and district attorney were biased against him on the basis of race, and that the judge was further biased against him because she had worked at the district attorney's office.  Finally, Torres claims he was subject to harsh detention conditions and was a victim of "malicious prosecution."

Most of Torres's claims are not cognizable on appeal.  Under section 1237.5, an appeal from a conviction predicated on a guilty or no contest plea requires a certificate of probable cause.  (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364 (*Voit*) ["In order to appeal after a conviction by plea of guilty or nolo contendere, a defendant must obtain a certificate of probable cause from the trial court"]; see also Cal. Rules of Court, rule 8.304(b)[4].)  This requirement must be "applied in a strict manner."  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098.)  But no certificate of probable cause is required for an appeal based on or from:  "(A) The denial of a motion to suppress evidence under Penal Code section 1538.5;  [¶]  (B) The sentence or other matters occurring after the

reflect upon the defendant's actions and nevertheless resumed sexually assaultive behavior."

[4] Undesignated rule references are to the California Rules of Court.

plea or admission that do not affect the validity of the plea or admission; or [¶] (C) An appealable order for which, by law, no certificate of probable cause is required." (Rule 8.304(b)(2).)

Because Torres did not obtain a certificate of probable cause under section 1237.5, the scope of his appeal is limited by the exceptions set forth in rule 8.304(b)(2). Those exceptions do not extend to challenges to Torres's conviction based on the RJA, the admission of his statements based on the Fifth Amendment, and the validity of his plea based on a claim of ineffective assistance of counsel. And to the extent that Torres suggests that he was convicted on the basis of "false" allegations, that claim goes directly to his "guilt or innocence," which he cannot raise on appeal from a no contest plea, regardless of section 1237.5. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178 [explaining that "without regard to section 1237.5, issues going to the determination of guilt or innocence are not cognizable on appeal" from a guilty or no contest plea]; *Voit*, *supra*, 200 Cal.App.4th at p. 1364 ["Issues concerning the defendant's guilt or innocence are not cognizable on appeal from a guilty [or no contest] plea"].)[5]

### A.     *Motion to Suppress Evidence Under Section 1538.5*

For the first time on appeal, Torres challenges the search of his cell phone and computer, contending that the search violated his rights under the Fourth Amendment. While section 1538.5, subdivision (m) provides that a defendant may "seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty [or no contest]," such review is available only if "at some stage of the proceedings *prior to conviction*," the defendant had moved for the suppression of the evidence.

---

[5] Torres's claims that he was subject to harsh detention conditions and was a victim of "malicious prosecution" are not cognizable on appeal from a criminal conviction. Nor does our independent review of the record disclose any arguable issue "for which, by law, no certificate of probable cause is required." (Rule 8.304(b)(2)(C).)

4

(§ 1538.5, subd. (m), italics added.)  Because Torres did not move to suppress the disputed evidence in the trial court, neither section 1538.5, subdivision (m) nor rule 8.304(b)(2)(A) permits him to raise the issue here.

**B.      *Other Matters Not Affecting the Validity of the Plea***

No certificate of probable cause is needed to raise on appeal an issue regarding the "sentence or other matters occurring after the plea or admission that do not affect the validity of the plea."  (Rule 8.304(b)(2)(B); see also *People v. French* (2008) 43 Cal.4th 36, 45–46 [certificate of probable cause not required for postplea sentencing issue challenging the trial court's exercise of individualized sentencing discretion].)  Torres's claims of bias and violation of the RJA fall within that exception to the extent that he argues that he received a higher sentence as a result of such bias or RJA violation.

Torres did not raise his RJA claim in the trial court.  Although section 745, subdivision (b) permits a defendant to "raise a claim alleging a violation of [the RJA] on direct appeal" based on the trial record, the trial record does not show a violation of the RJA.  (§ 745, subd. (a) [violations must be established "by a preponderance of the evidence"]; *People v. Gomez* (2026) 118 Cal.App.5th 384, 395 [similar].)  While Torres asserts that the trial court imposed a longer sentence on him and those that "share [his] race," he has presented no evidence of sentences imposed on any other defendants for the same offense, let alone any evidence that the court imposed longer sentences "more frequently … on people that share the defendant's race, ethnicity, or national origin," within the "county where the sentence was imposed."  (§ 745, subd. (a)(4)(A).)

Relatedly, Torres contends for the first time on appeal that both the trial judge and district attorney exhibited racial bias against him, also in violation of the RJA.  Even if not forfeited by his failure to raise the claim in the trial court, the trial record discloses no basis to substantiate any alleged bias.  Finally, Torres argues that the trial judge should have been disqualified for professional bias because she worked at the district attorney's office, "r[an] the sex crimes unit," and "imprisoned sex offenders."  Again, because

5

Torres did not raise this issue in the trial court, his claim is forfeited on appeal. (See *People v. Samuels* (2005) 36 Cal.4th 96, 114 ["[f]ailure to raise the issue of judicial conduct at trial waives claims of statutory or constitutional error"].)

### III. DISPOSITION

Having independently reviewed the record on appeal and considered the claims appellant raised in his supplemental brief, we find no arguable issues. (*People v. Wende*, *supra*, 25 Cal.3d 436, 441–442.) The judgment is affirmed.

_____

LIE, Acting P. J.

WE CONCUR:

_____

WILSON, J.

_____

BROMBERG, J.

*People v. Torres*
H053821